IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM RANDALL EDMONSON, JR., #K9606**               **PLAINTIFF**

v.                                         CAUSE NO. 1:16-cv-335-LG-RHW

**KENNY WOO, LISA HERNDON,
LAURA TILLEY, JUARITA EVANS,
ANDREW MILLS, TIMOTHY BARNES,
J. BANKS, and MARSHALL FISHER**               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff William Randall Edmonson, Jr., an inmate of the Mississippi Department of Corrections ("MDOC"), brings this pro se Complaint seeking monetary damages and injunctive relief. Edmonson is proceeding in forma pauperis. *See* Order [7].

The named Defendants are: Kenny Woo, parole/probation officer with MDOC; Lisa Herndon, case worker at the South Mississippi Correctional Institution ("SMCI"); Laura Tilley, Inmate Legal Assistance Program Director at SMCI; Juarita Evans, classification officer at SMCI; Andrew Mills, Warden at SMCI; Timothy Barnes, Deputy Warden at SMCI; J. Banks, Superintendent of SMCI; and Marshall Fisher, former Commissioner of MDOC. The Court, having liberally construed Edmonson's Complaint in consideration with the applicable law, finds that this case should be dismissed.

I. Plaintiff's Claims

Edmonson complains that MDOC has incorrectly placed an absconding charge in his prison file. Edmonson claims that as a result, MDOC is not classifying him properly because he is not allowed to be housed at a community work center, which would be closer to his family, and he is not earning the sentence credits he would be earning if he was housed in a community work center. (Compl. 8, ECF No. 1). Edmonson also complains about the delays in obtaining documents and responses to his grievances filed with the prison administrative remedy program related to these issues. (Mot. 3-5, ECF No. 11).

Edmonson brings this Complaint under 42 U.S.C. § 1983, seeking monetary damages and an order directing MDOC to either release him from incarceration or award him a classification status that allows him to be housed at a community work center and award him sentence credits he would have earned if he would have been housed at a community work center. (Compl 10, ECF No. 1).

II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding in forma pauperis, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Edmonson is proceeding in forma pauperis, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

Edmonson's request for MDOC to calculate his sentence to include sentence credits he would have earned if he was housed in a community work center would result in Edmonson receiving an earlier release from incarceration. This request along with Edmonson's request for release from incarceration must be pursued through a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding habeas corpus is "sole federal remedy" for inmate's challenge to the duration of his confinement seeking immediate release or a speedier release from imprisonment); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983) (reiterating that challenge to duration of prisoner's confinement is a habeas corpus matter). Therefore, Edmonson's claims for specific sentence credits and release from incarceration will be dismissed without prejudice to Edmonson's pursuit of these claims in a habeas corpus case.[1]

Edmonson is also asking this Court to direct MDOC to award him a classification status that allows him to be housed at a community work center closer to his family. The classification of prisoners is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citations omitted). An inmate simply does not have a "constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits." *Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, *1 (5th Cir. Oct. 21, 2008) (citing *Neals v. Norwood*, 59 F. 3d 520, 533

---

[1] The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

(5th Cir. 1995)). Furthermore, an inmate "has no constitutional right to be placed in the penal facility of his choice." *Fuselier v. Mancuso*, 354 F. App'x 49, 49 (5th Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). MDOC's failure to award Edmonson a specific custodial classification or house him in a community work center does not violate his constitutional rights. Thus, Edmonson fails to state a claim for § 1983 relief.

To the extent Edmonson is claiming his constitutional rights were violated by delayed or a lack of responses to his grievances within the prison administrative remedy program, his claims are legally frivolous. An inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, an inmate does not suffer a constitutional violation when his grievance is refused or when he is not allowed to participate in the grievance process. *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *see also Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (finding inmate's claims regarding grievance process were properly dismissed as frivolous).

III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, Edmonson's habeas corpus claims will be dismissed without prejudice and Edmonson's § 1983 claims will be dismissed as frivolous and for his failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Lastly, any state law claims Edmonson may be asserting will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Edmonson's habeas corpus claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Edmonson's § 1983 claims are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)-(ii)

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (g).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that any state law claims Edmonson may be asserting in this action are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2017.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge